ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Pamela Ann Davis, an attorney licensed to practice law in Louisiana. For her misconduct, which involves her failure to timely pay a third-party medical provider, respondent proposed that she be suspended from the practice of law for one year, fully deferred, subject to an eighteen-month period of probation with conditions. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
It is the decision of this court that the petition for consent discipline be accepted. Accordingly, we will impose a fully deferred suspension, subject to probation with the conditions set forth in the petition for consent discipline.
DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Pamela Ann Davis, Louisiana Bar Roll number 25377, be suspended from the practice of law in Louisiana for a period of *987 one year. It is further ordered that said suspension shall be fully deferred, subject to respondent’s successful completion of an eighteen-month period of probation governed by the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any | pother misconduct during the probationary period may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
VICTORY and TRAYLOR, JJ., would reject consent discipline.